[Civ. No. 358.     Second Appellate District.—June 20, 1907.]

H. C. DEMING, Appellant, v. F. G. GAMBLE, Administrator, etc., of MANNIE DEMING, Deceased, Respondent.

ACTION BY HUSBAND AGAINST DECEASED WIFE'S ADMINISTRATOR—COMMUNITY PROPERTY—EVIDENCE—ADMISSIONS OF HUSBAND—WAIVER OF LETTERS—ERROR.—In an action by the husband against the administrator of his deceased wife, to establish that real property standing in the deceased wife's name was paid for with community funds, and was community property, where the court found that one lot was held in trust for the community, but that another lot was conveyed by the husband to the wife as a gift, and all the evidence tending to rebut that of plaintiff was in the nature of admissions by him against interest, and the oral evidence of such admissions was conflicting, it was prejudicial error to admit a waiver of letters by the husband, and request for defendant's appointment, appended to a petition for letters, stating that such other lot was the property of the deceased at the time of her death, without preliminary proof that the husband had read the petition and knew its contents when he signed the waiver.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. W. P. James, Judge.

The facts are stated in the opinion of the court.

Valentine & Newby, for Appellant.

Geo. P. Adams, and Hugh J. Crawford, for Respondent.

ALLEN, P. J.—Appeal by plaintiff from a judgment and an order denying a new trial.

This action was brought by the plaintiff against defendant as administrator of the estate of plaintiff's deceased wife,

the object of which was to have it adjudged that certain premises, to wit, lot 44, Park Villa tract, and lot 45, Angelus Vista tract, in Los Angeles city, all of which stood in the name of the wife at her decease, were community property. The court found that all of the premises described were purchased by the husband and the purchase money paid by him out of the funds of the community, and that the principal part of the improvements upon lot 45 had been paid for by him after the decease of the wife; that as to lot 44, the title was in the wife in trust for the community, but that lot 45 was conveyed to the wife by way of gift from the husband and was her separate estate. From this judgment in favor of defendant as to the said last-mentioned lot, and from an order denying a new trial, plaintiff appeals upon a bill of exceptions.

All of the evidence introduced by defendant tending to rebut that of plaintiff, in his effort to overcome the presumption created by the deeds, was in the nature of admissions of plaintiff against interest made before and after the decease of the wife. The trial judge, under objections and exceptions, permitted the defendant to introduce in evidence a petition for letters of administration signed and sworn to by defendant, in which petition it is stated that lot 45 was the homestead of deceased, and was her property at the time of her decease, and of the value of $11,000. To this petition was attached a written waiver on the part of the husband, plaintiff herein, of his right to administer and a request for defendant's appointment. There was no preliminary proof tending to show that plaintiff had ever read the petition signed by defendant, or had knowledge of its contents, when he signed the waiver so attached. The appointment and qualifications of defendant as administrator were not in issue. The court in overruling the objections made to the introduction of this paper upon the grounds of its immateriality and incompetency must be taken as having considered that the statement of ownership therein made by the defendant was material and competent, and that plaintiff by signing the waiver thereto attached became bound by such declarations. We think the court erred in admitting this paper writing in evidence. The waiver signed by the husband is not a part of the petition, and that it was thereunto attached was of no significance. The waiver might well have been upon a separate instrument, in which event there would be no room for

controversy in relation to the admissibility of the petition. The mere appending of the waiver to an instrument, the contents of which were unknown, could not have the effect to conclude the party signing the waiver as to the facts alleged in the petition.

The oral evidence appearing in the record is most conflicting, and we cannot say from such record that the findings of the court as to the separate character of this lot 45 would have been the same had this petition not been considered and due weight given it as an admission against interest. The error, therefore, in our opinion, was prejudicial.

The judgment and order are reversed and cause remanded for a new trial.

Shaw, J., and Taggart, J., concurred.